UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH RUSSETT, *et al.*,

    Plaintiffs,

v.

NTVB MEDIA, INC.,

    Defendant.
_____/

Case No. 22-10352

F. Kay Behm
United States District Judge

Kimberly G. Altman
United States Magistrate Judge

**OPINION AND ORDER ACCEPTING AND ADOPTING,
AS MODIFIED, THE MAGISTRATE JUDGE'S MARCH 3, 2023
<u>REPORT AND RECOMMENDATION (ECF No. 41)</u>**

**I.  PROCEDURAL HISTORY**

This is a consumer's rights case under Michigan's Preservation of Personal Privacy Act (PPPA), Mich. Comp. Laws § 445.1712, *et seq*.  Plaintiffs, on behalf of themselves and others similarly situated, are suing defendant NTVB Media Inc. (NTVB) claiming that NTVB violated the PPPA by disclosing their subscriptions to its publication *TV Weekly* to third parties interested in subscriber data for advertising purposes.  (ECF No. 19).  NTVB moved to dismiss Plaintiffs' Third Amended Complaint (TAC) and moved to certify a question to the Michigan Supreme Court and stay proceedings.  (ECF Nos. 20, 21).  District Judge Judith E. Levy referred these motions to Magistrate Judge Kimberly G. Altman for report

1

and recommendation. (ECF No. 23). This matter was previously assigned to Judge Levy and was reassigned to the undersigned on February 6, 2023. The court then re-referred the motion to Judge Altman. (ECF No. 40). Judge Altman issued a report and recommendation on March 3, 2023, and recommends that both motions be denied. (ECF No. 41).

## II.     FACTUAL BACKGROUND

The report and recommendation ably describes the pertinent factual background from the TAC:

> The named Plaintiffs are Edward Briscoe (Briscoe), Linda Ballard (Ballard), Anthony DeBerry (DeBerry), Gladys Waiters (Waiters), Greg Donahoe (Donahoe), and Susan Vincenzo (Vincenzo). (ECF No. 19). In their Third Amended Complaint, they allege that NTVB "rented, exchanged, and/or disclosed personal information about Plaintiffs' TV Weekly magazine subscriptions, from within the State of Michigan, to data aggregators, data appenders, data cooperatives, and list brokers, among others, which in turn disclosed their information to aggressive advertisers, political organizations, and non-profit companies." (*Id.*, PageID.1711). They also allege that NTVB "sold, rented, and/or otherwise disclosed . . . the Personal Reading Information [PRI] of its other subscribers to TV Weekly magazine and NTVB's other publications during the relevant pre-July 31, 2016 time period," and that these acts were in violation of 4 the pre-amendment PPPA.
>
> NTVB is headquartered in Michigan, with its principal place of business in Michigan, and is therefore

2

>a citizen of Michigan. (ECF No. 19, PageID.1714- 1726). One of the named Plaintiffs, Donahoe, resides in Michigan. (*Id*.). The other named Plaintiffs reside in Nevada, Illinois, Georgia, and Pennsylvania. (*Id*.).
>
>As evidence in support of their allegations, Plaintiffs attach a document entitled "NTVB Media Entertainment Enhanced Masterfile Mailing List" from a list broker named NextMark, Inc., which purports to disclose the PRI of 265,588 of NTVB's active U.S. subscribers for the base price of $110 per thousand users. (*Id*., PageID.1712; ECF No. 19-2). The document states that its subscriber counts were effective "THROUGH 03/31/2022." (ECF No. 19-2). Plaintiffs allege that NTVB, a business engaged in the selling of written materials, disclosed their protected PRI without their informed consent, as was required under the pre-amendment PPPA § 2, and that each Plaintiff and presumptive class member is entitled to $5,000 in damages under pre-amendment PPPA §5, in addition to costs and reasonable attorney fees. (ECF No. 19, PageID.1741-1746).

(ECF No. 41, PageID.2683-85) (footnotes omitted).

### III. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.  "For an objection to be

3

proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections

4

merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## IV. OBJECTIONS

### A. Objection No. 1

NVTB argues that Judge Altman erred by concluding that the TAC sufficiently pleaded a PPPA claim. According to NVTB, Plaintiffs do not plead sufficient plausible factual allegations that NTVB disclosed protected information that specifically identified Plaintiffs to third parties and did so prior to July 31, 2016. To plead a claim under the PPPA, a plaintiff must allege facts that, if proved, would show both that (i) the defendant disclosed the relevant information about the plaintiff without the plaintiff's consent, and (ii) the information specifically identified the plaintiff to the party receiving that information. Mich. Comp. Laws § 445.1712 (prohibiting disclosure "to any person, other than the customer, [of] a record or information concerning the purchase . . . of [written] materials by a customer that indicates the identity of the customer."). The TAC includes the 2022 data card (ECF No. 19, ¶ 3) accompanied by the allegation that "NTVB also sold, rented, and/or otherwise disclosed, from within the State of Michigan, the Personal Reading Information of its other subscribers to TV Weekly magazine and NTVB's other publications during the

5

relevant pre-July 31, 2016 time period, also in violation of the PPPA." (ECF No. 19, ¶ 2).

NVTB asks this court to impose an evidentiary burden on Plaintiffs at the pleading stage, which this court is not inclined to do. *See United States v. SouthEast Eye Specialists, PLLC*, 570 F. Supp. 3d 561, 574 (M.D. Tenn. 2021) (In assessing the sufficiency of a complaint, the court must determine only whether "'the claimant is entitled to offer evidence to support the claims,' not whether the plaintiff can ultimately prove the facts alleged.") (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). As the court recently stated in *Nock v. Boardroom, Inc.*, No. 22-CV-11296, 2023 WL 3572857, at *4 (E.D. Mich. May 19, 2023) (Friedman, J.), such an evidentiary attack on a complaint "misconceives how pleadings are evaluated on a Rule 12(b)(6) motion." In *Nock*, the court found that the complaint's allegations – even without the embedded NextMark screenshot – were sufficient to withstand scrutiny under Rule 12(b)(6). *Id*. at *5 (citing *Gaines v. Nat'l Wildlife Fed'n*, No. 22-11173, 2023 WL 3186284, at *4 (E.D. Mich. May 1, 2023) ("[T]o the extent that *Nashel* [*v. The New York Times*, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022)] suggests that to cross the threshold of plausibility, the data card (as opposed to the complaint) must indicate the origin of the allegedly violative information or itself prove that the defendant disclosed

6

the PRI that was listed for sale, the court believes that such a requirement imposes an unnecessary burden of proof on the plaintiff at the pleading stage.")). Accordingly, the court agrees with Judge Altman's conclusion that the TAC sufficiently states a plausible claim for relief under the PPPA and overrules the objection.

B.     Objection No. 2

NVTB maintains that Judge Altman's choice-of-law analysis was incorrect. NTVB claims that "out-of-state Plaintiffs have no PPPA claim, and the claim of the sole Michigan Plaintiff must therefore be dismissed for lack of diversity jurisdiction." (ECF No. 43, PageID.2744). According to NTVB, Judge Altman erred by determining that Plaintiffs' home states do not have an "interest" in their allegations, the first step of the choice of law analysis. (ECF No. 41, PageID.2704-05). Judge Altman noted that Plaintiffs' states do not "have similar laws under which those Plaintiffs could have sued," but, NTVB argues that Judge Altman mistakenly states that "there is no reason to believe that those states have an interest in denying their residents a claim." (ECF No. 41, PageID.2705; *see also* ECF No. 41, PageID.2704 ("[I]t is difficult to find forum-shopping where there is only one possible forum for Plaintiffs' claims.")). In other words, the Magistrate Judge concludes that the Plaintiffs' states do not have an interest in their claims because

7

those states' laws do not provide for recovery. NTVB argues that this conclusion is contrary to Michigan law, which provides that states have an interest in injuries to their citizens. *See Olmstead v. Anderson*, 400 N.W.2d 292, 304 (Mich. 1987) ("The injury state always has an interest in conduct within its borders, whether or not its citizens are involved."); *Std. Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 695 (6th Cir. 2013) ("[A] foreign state undeniably has an interest in having its law applied to an action filed by one of its citizens stemming from injury sustained there."). NTVB argues that Michigan does not have an overriding interest in applying the PPPA to out-of-state plaintiffs because "Michigan has no interest in affording greater rights of tort recovery to a North Carolina resident than those afforded by North Carolina." *Farrell v. Ford Motor Co.*, 199 Mich. App. 81, 984 (1993).

As the Michigan Supreme Court explained in *Sutherland v. Kennington Truck Serv., Ltd.*, 454 Mich. 274, 286 (1997), Michigan, as the forum state, applies its own law unless a "rational reason" to do otherwise exists. To determine whether a rational reason to displace Michigan law exists, the court must undertake a two-step analysis. *Id.* First, the court must decide if any foreign state has an interest in having its law applied and, if no state has such an interest, the presumption that Michigan law will apply cannot be overcome. *Id*. However, if a

8

foreign state does have an interest in having its law applied, the court must then decide if Michigan's interests still mandate that Michigan law be applied, despite the foreign interests. *Id.* And in order for a court to choose a state's law, "[the] State must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Sutherland*, 454 Mich. at 287 (quoting *Allstate Ins. v. Hague*, 449 U.S. 302, 313 (1981)). Judge Altman concluded that NTVB had not met its burden of establishing that Plaintiff's states of residence have an interest in having their own law applied. The court agrees, as explained below.

NVTB argues that Plaintiffs' home states have an interest in injuries to their citizens. NVTB's analysis assumes that the injury for a violation of the PPPA occurs in the state in which a plaintiff resides. However, the authority NTVB provides for this proposition does not appear to be applicable. NVTB cites *Frost v. GM, LLC*, No. 352720, 2021 WL 3820013, (Mich. App. Aug. 26, 2021), where the court applied North Carolina law "because the fire occurred in North Carolina, injured one North Carolina resident, and killed two North Carolina residents, North Carolina certainly had an interest in this case, establishing a rational reason to apply North Carolina law." NVTB does explain how a PPPA claim, which is analogous to an invasion of privacy claim, is similar to a wrongful death claim such

9

that this case is applicable. NVTB also cites *Harshaw v. Bethany Christian Servs.*, No. 08-cv-104, 2010 WL 1692833 (W.D. Mich. Apr. 26, 2010) for the proposition that "the Michigan choice-of-law presumption in favor of Michigan law in the Michigan forum has little to no weight when the plaintiffs are from a foreign State and therefore not invoking their home forum." However, *Harshaw* involved fraud and misrepresentation claims arising from a foreign adoption of a child, which are not analogous to the claim here. Next, NTVB cites cases standing for the proposition that where the forum state is merely the site of the defendant's headquarters/manufacturing facilities or the place where the product was manufactured or designed, the forum state is not the "place of the wrong." (ECF No. 43, PageID.2748-49) (citing *Frost v. General Motors, LLC*, 2021 WL 3820013, at *5 (Mich. Ct. App. Aug. 26, 2021); *Std. Fire Ins. Co. v. Ford Motor Co.*, 723 F.3d 690, 695 (6th Cir. 2013)). Again, however, these cases did not involve a PPPA claim or any analogous common law privacy claim. Lastly, NTVB cites cases involving "intangible personal harms" where the plaintiff's location was the location of the injury. *See Brandon v. Quicken Loans*, No. 20-cv-10253, 2021 WL 1015830, at *2 (E.D. Mich. Feb. 22, 2021) (Emotional distress injury caused by abusive texts from a Michigan business occurred in home state of Tennessee); *Stalker v. MBS Direct*, LLC, No. 10-cv-11355, 2012 WL 6642518, at *5 (E.D. Mich.

10

Dec. 20, 2012) (Michigan's consumer fraud statute would not apply to nationwide class action because the state with the strongest interest in regulation deception and fraud is the states where the consumers are harmed.).

The court, like the parties, was not able to locate any Michigan cases discussing choice of law in the context of the PPPA or an analogous common law invasion of privacy claim. In diversity cases, this court is required to apply state law in accordance with the controlling decisions of the Michigan Supreme Court. *NAS Sur. Grp. v. Cooper Ins. Ctr., Inc.*, 617 F. Supp. 2d 581 (W.D. Mich. 2007); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938); *Bailey Farms, Inc. v. NOR-AM Chem. Co.*, 27 F.3d 188, 191 (6th Cir. 1994). If the state Supreme Court has not yet addressed the issue presented, this court must predict how it would rule, by looking to "all available data," including state appellate decisions. *Safeco Ins. Co. of Am. v. CPI Plastics Grp., Ltd.*, 625 F. Supp. 2d 508 (E.D. Mich. 2008); *Kingsley Assocs., Inc. v. Moll Plastic Crafters, Inc.*, 65 F.3d 498, 507 (6th Cir. 1995). While Michigan courts have not adopted wholesale the Restatement (Second) of Conflict of Laws, they have regularly looked to the Restatement for guidance.[1] Accordingly, this court

---

[1] *See e.g.*, *Chrysler Corp. v. Skyline Indus Servs., Inc.*, 448 Mich. 113 (1995) (The Court adopted the approach laid out in the Restatement (Second) Conflict of Laws §§ 187-188); *Corbin by Next Friend Corbin v. Meemic Ins. Co.*, 340 Mich. App. 140, 150 (2022) (Relying on the Restatement (Second) Conflict of Laws § 22); *Magna Seating Inc. v. Adient US LLC*, No. 353241,

predicts that the Michigan Supreme Court would look to the Restatement (Second) Conflict of Laws § 152, which applies to invasion of privacy claims, in order to assist with the resolution of this dispute. Section 152 provides that "the local law of the state *where the invasion occurred* determines the rights and liabilities of the parties … unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied." Restatement (Second) Conflict of Laws § 152, Right of Privacy (emphasis added). The comments explain that when the invasion involves the publication of information about the plaintiff (like the PPPA claims here), the "place of invasion" is where the complained-of matter was communicated to a person other than the plaintiff. Restatement (Second) Conflict of Laws § 152, comment c. Nothing in this record suggests that the communication of Plaintiffs' personal information to third parties occurred in each of the Plaintiffs' home states, which seems fairly unlikely, given that NTVB is a Michigan corporation with its principal place of

---

2021 WL 2026125, at *4 (Mich. App. May 20, 2021) (Relying on Restatement (Second) Conflict of Laws § 122 that "[a] court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case."); *Baxter Jones v. Esurance Ins. Co.*, No. 339410, 2018 WL 5304927, at *4 (Mich. App. Oct. 25, 2018) (Relying on Restatement (Second) Conflict of Laws § 84); *O'Berry v. Pitcairn Dev. LP*, No. 285919, 2009 WL 2913587, at *2 (Mich. App. Sept. 10, 2009) (Relying on Restatement (Second) Conflict of Laws § 189); *Farm Bureau Ins. Co. v. Abalos*, 277 Mich. App. 41, 45 (2007) (Relying on Restatement (Second) Conflict of Laws § 193).

business in Michigan. (ECF No. 19, ¶ 16). Thus, NTVB's argument that the place of injury is each of the out-of-state Plaintiffs' home states is without merit.

Moreover, NTVB has not sufficiently identified the interests of the Plaintiffs' home states beyond its (incorrect) claim that the out-of-state Plaintiffs' injuries occurred in their home states. For example, in *Sutherland*, the Michigan Supreme Court examined whether the state of Ohio or the province of Ontario had an interest sufficient to overcome the presumption that the forum state's law applied. *Sutherland*, 454 Mich. at 287-88. The Court concluded that where the state of Ohio's only connection was the fact that it was the plaintiff's residence, that was not sufficient to support the choice of that state's law. *Id*. at 287 (citing *Home Ins. Co. v. Dick*, 281 U.S. 397, 408, 50 S.Ct. 338 (1930)). The Court looked at the laws of Ontario and compared its law to Michigan's law in order to make a determination, finding that under Ontario law, Ontario had an interest in having Michigan's statute of limitations apply. *Id*. at 288. Given that the injury for this claim is not likely to have occurred in Plaintiffs' home states under § 152, the Plaintiffs' states of residence do not provide a sufficient interest to support application of their home states' law. And, as Judge Altman pointed out, NTVB has not offered any analysis of the law of the out-of-state Plaintiffs' home states. Thus, the court agrees with Judge Altman that NTVB has not satisfied the first

step of the *Sutherland* test. Given that NTVB has not shown that Plaintiffs' home states have a superior interest, it cannot overcome the presumption that Michigan – the law of the forum – applies. NTVB's objection is overruled.

### C.     Objection No. 3

NVTB argues that Judge Altman incorrectly addressed tolling the statute of limitations, an irrelevant issue Plaintiffs raised in their response brief. NTVB asserts that this issue is not pertinent to NTVB's motion and therefore not within the Magistrate Judge's referral. The court agrees that the determination of this issue is not necessary at this time and does not fall within the scope of the motion to dismiss. Accordingly, the court sustains the objection and modifies the report and recommendation in this regard.

### D.     Objection No. 4

NVTB objects to Judge Altman's conclusion that a six-year statute of limitations applies to PPPA claims. NVTB argues that the cases holding that the six-year limitations period in Mich. Comp. Laws § 600.5813 applies to PPPA claims instead of the three-year limitations period found in Mich. Comp. Laws § 600.5805(2), read too much into *Palmer Park Square, LLC v. Scottsdale Ins. Co.*, 878 F.3d 530 (6th Cir. 2017). This court agrees with Judge Altman's analysis and conclusion. Since the Sixth Circuit issued its decision in *Palmer Park Square,*

14

several district courts have revisited whether the three- or six-year limitations period applies to the PPPA under Michigan law. *Gaines v. Nat'l Wildlife Fed'n*, No. 22-11173, 2023 WL 3186284, at *6 (E.D. Mich. May 1, 2023) (collecting cases). Before *Palmer Park*, a number of district courts had applied the three-year limitations period from § 600.5805 but did not address whether the six-year limitations period found in § 600.5813 was more appropriate. *Id.* In *Palmer Park*, the Sixth Circuit held that a statutory claim for penalty interest was governed by the six-year statute of limitations at § 600.5815 because it did not arise under the underlying insurance policy or an injury from a traditional tort. Mich. Comp. Laws § 600.5813 is the "catch all" limitation, which states: "All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes."

After the *Palmer Park* decision, several district court decisions have held that the six-year limitations period, not the three-year limitations period, applies to PPPA claims. *Gaines*, at *3 (citing *Krassick v. Archaeological Inst. of Am.*, 2022 WL 2071730, at *5 (W.D. Mich. June 9, 2022) (Jarbou, J.); *Pratt v. KSE Sportsman Media, Inc. d/b/a Outdoor Sportsman Grp., Inc.*, 586 F. Supp. 3d 666, 673 (E.D. Mich. 2022) (Ludington, J.); *Nashel v. The New York Times*, 2022 WL 6775657, *3-4 (E.D. Mich. Oct. 11, 2022), (Murphy, J.); *Hall v. Farm Journal, Inc.*, 2:21-cv-11811,

15

ECF No. 26, PageID.718 (E.D. Mich. Apr. 5, 2022) (Lawson, J.)). Importantly, as observed in *Gaines* and *Krassick*, the Michigan Court of Appeals concluded that § 600.5813 applies to civil causes of action arising from statutes, as opposed to the common law. *DiPonio Const. Co. v. Rosati Masonry Co.*, 246 Mich. App. 43, 56 (2001) (citing *Citizens for Pretrial Justice v. Goldfarb*, 415 Mich. 255, 269–70 (1982), and *Nat'l Sand, Inc. v. Nagel Constr., Inc.*, 182 Mich. App. 327, 336–37, n. 7 (1990)). Based on the foregoing authority, the various post-*Palmer Park* district court decisions have concluded that the right to privacy in reading materials is not a traditional common law tort and while similar to the common law tort of invasion of privacy, it was still a creature of statute not found in the common law, making § 5813 applicable. *Gaines*, at *3 (citing *Krassick*, 2022 WL 2071730 at *3) (Although such a right is 'similar in kind' to rights protected by the common-law tort of invasion of privacy, the right to privacy in one's reading materials is nonetheless the creation of a statute; it did not exist under common law."); *Nashel*, 2022 WL 6775657, at *4; *Pratt*, 586 F.Supp.3d at 673); *see also Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 640 (E.D. Mich. 2017) ("When the Michigan legislature enacted the [PPPA], the legislature created a new right to privacy."). The court finds the reasoning of these decisions persuasive and concludes, just as

16

Judge Altman did, that the six-year limitations period applies to the PPPA claim. The objection is overruled.

### E. Objection No. 5

NTVB objects to Judge Altman's recommendation that the court deny the request for certification to the Michigan Supreme Court regarding the applicable statute of limitations. As Judge Altman noted, certifying an unresolved issue to the state supreme court is discretionary, *Pack v. Damon Corp.*, 03-CV-73601, 2006 WL 1109100, at *1 (E.D. Mich. Apr. 25, 2006) (citing *Lehman Bros. v. Schein*, 416 U.S. 386, 390-391 (1974)), and courts should consider whether a Federal Court of Appeals has examined the issue before certification, *Pack*, at *1 (citing *Transamerica Ins. Co. v. Duro Bag Mfg.*, 50 F.3d 37 370, 372 (6th Cir. 1995)). In the court's view, given the extensive authority in the federal courts regarding the specific issue of the statute of limitations applicable to a PPPA claim and the more general authority from the Michigan Supreme Court and the Michigan Court of Appeals regarding the statute of limitations applicable to statutory claims versus common law claims, there is more than sufficient authority for the federal courts to reach a conclusion on this state law issue. *See Coulter-Owens v. Time, Inc.*, No. 12-CV-14390, 2016 WL 612690, at *6 (E.D. Mich. Feb. 16, 2016), aff'd, 695 F. App'x 117 (6th Cir. 2017) ("Federal courts are fully equipped to address state law

17

matters, even when there is a dearth of state law authority."); *see also In re Nat'l Prescription Opiate Litig.*, No. 22-3750, 2023 WL 5844325, at *5 (6th Cir. Sept. 11, 2023) (Certification is appropriately utilized "where an unconstrued state statute is susceptible of a construction by the state judiciary 'which might ... at lea[st] materially change the nature of the problem.'") (quoting *Bellotti v. Baird*, 428 U.S. 132, 147 (1976) (citation omitted)). This issue is hardly "unconstrued" given the depth of case law from the federal district courts and the analogous authority from the Michigan courts. The court agrees, therefore, with Judge Altman that certification is not justified merely because the Michigan Supreme Court has not answered this specific question. Accordingly, the objection is overruled and the motion for certification is denied.

**V.    CONCLUSION**

For the reasons set forth above, the court **ACCEPTS** and **ADOPTS** the March 3, 2023 Report and Recommendation (ECF No. 41), except as modified above, **DENIES** the motion to dismiss the third amended complaint (ECF No. 20), and **DENIES** the motion for certification to the Michigan Supreme Court (ECF No. 21).

**SO ORDERED**.

Date: September 28, 2023                s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge

18