UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| EDWARD BRISCOE; LINDA BALLARD; ANTHONY DEBERRY; GREG DONAHUE; GLADYS WAITERS; and SUSAN VINCENZO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NTVB MEDIA INC.,<br>Defendant. | Case No. 5:22-cv-10352-FKB-KGA<br><br>Honorable F. Kay Behm<br>U.S. District Judge<br><br>**CLASS ACTION** |

**RULE 26(f) Joint Discovery Plan**

**Related Cases:** There are no related cases to report currently.

**Basis for Court's Jurisdiction:** Plaintiffs contend the Court has subject-matter jurisdiction over this action because the Complaint alleges that (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) the proposed class is comprised of at least 100 members. *See* 28 U.S.C. § 1332(d)(2)(A), (5)(B). Defendant contends that the Court does not have subject-matter jurisdiction.

**Venue:** Plaintiffs contend venue is proper in this District pursuant to 28 U.S.C. § 1391 as NTVB Media Inc. ("NTVB") maintains its corporate headquarters and principal place of business in this District. Defendant contends venue is not proper in this District.

**Please provide a brief summary of the Case and Issues:**

On October 7, 2022, Plaintiffs Edward Briscoe, Linda Ballard, Anthony DeBerry, Greg Donahue, Gladys Waiters and Susan Vincenzo (collectively, "Plaintiffs") filed the operative Third Amended Class Action Complaint (ECF No. 19) alleging that Defendant NTVB rented, exchanged, and/or otherwise disclosed detailed information about Plaintiffs' *TV Weekly* magazine subscriptions to data aggregators, data appenders, data cooperatives, and list brokers, among others, which in turn disclosed their information to aggressive advertisers, political organizations, and non-profit companies. As a result, Plaintiffs contend they received a barrage of unwanted junk mail. By renting, exchanging, and/or otherwise disclosing Plaintiffs' Private Reading Information ("PRI") during the relevant pre-July 31, 2016 time period without providing them with prior notice or obtaining Plaintiffs' written consent, Plaintiffs allege NTVB violated Michigan's Preservation of Personal Privacy Act (the "PPPA").

In response to Plaintiffs' TAC, on October 21, 2022, Defendant filed its Motion to Dismiss (ECF No. 20) in which it contended, among other things, that

2

the out-of-state Plaintiffs' who are not Michigan residents cannot invoke Michigan law and thus cannot pursue PPPA claims, and as for the in-state Plaintiffs, they failed to state a claim under the PPPA, and their claims were time barred. Defendant also moved to certify a question to the Michigan Supreme Court and stay proceedings (ECF No. 21).  This matter was previously assigned to Judge Judith E. Levy and was reassigned to Judge F. Kay Behm on February 6, 2023.  On March 3, 2023, Magistrate Judge Altman issued a Report & Recommendation recommending that the Court deny the motions (ECF No. 41).  After a Rule 72 objection by Defendant, on September 28, 2023, the Court issued an Order Accepting and Adopting the R&R, as modified (ECF No. 53).  On October 12, 2023, Defendant filed an Answer generally denying the allegations and asserting three affirmative defenses (ECF No. 55).  On November 13, 2023, the Court entered a Stipulated Order to Stay the Action Pending Mediation (ECF No. 56). While the Parties conducted the mediation in good faith, it was ultimately unsuccessful.

      The principal factual and legal issues include: (i) whether Defendant rented exchanged, and/or otherwise disclosed Plaintiffs' and the putative Class's magazine subscription records between February 17, 2016 and July 30, 2016 time period to any other person; (ii) whether Defendant is or was engaged in the business of selling magazines "at retail" and whether Plaintiffs and putative class

members purchased subscriptions from Defendant "at retail;" (iii) whether this matter is properly maintainable as a class action; (iv) whether Plaintiffs were *TV Weekly* subscribers; (v) what actions Defendant undertook with regard to subscribers and where those actions were undertaken; and (vi) whether Plaintiffs allegedly suffered any injuries.

1. What changes should be made in the timing, form, or disclosures under Rule 26(a)? Please include when initial disclosures were made or will be made.

    No changes are necessary at this time. Initial disclosures will be made by **March 29, 2024**.

2. What are the subjects on which discovery may be needed? When should discovery be completed? Should discovery be completed in phases or be limited to or focused on particular issues?

    **Plaintiffs' Position**: Plaintiffs believe that discovery will be needed in at least the following areas: (i) the manner by which Defendant purports to obtain its customers' consent to rent, exchange, and/or otherwise disclose their magazine subscription records; (ii) any written notice Defendant provided to Plaintiffs and the putative Class of their right to remove their names from any rentals, exchanges, and/or disclosures of customer lists, and the manner by which any such notice was provided; (iii) the location where Defendant made

4

its disclosures of its customers' magazine subscription records; (iv) the location where Defendant has retained the money paid by customers for their magazine subscriptions and the money paid by third persons who purchased from Defendant the personal reading information of its customers; (v) the identities of any third parties that received Defendant's customers' magazine subscription records between February 17, 2016 and July 30, 2016; (vi) copies of all transmissions of customers' magazine subscription records to third parties between February 17, 2016 and July 30, 2016; (vii) the contracts between Defendant and other third parties relating to the rentals, exchanges, and/or disclosures at issue; (viii) any and all contracts between Defendant and Plaintiffs and the putative Class; (ix) subscription and payment records of Plaintiffs and the putative class; and (x) the size and identities of the putative Class members. Discovery should be completed by **November 15, 2024** and should be completed all at once.

 **Defendant's Position**. Defendant believes that discovery will be needed in at least the following areas: (i) the date and manner in which Plaintiffs subscribed to *TV Weekly*; (ii) whether Defendant disclosed PRI of Plaintiffs during the relevant period; and (iii) Plaintiffs' claims of damages.

5

3. Are there any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced?

**Plaintiffs' Position**. Yes, Plaintiffs ask Defendant to preserve all documents, communications and other evidence, and to produce it electronically, where possible. Plaintiffs also request that Defendant instruct all relevant third parties, including those to whom it may have transmitted customer data during the relevant time period, to institute litigation holds and preserve all relevant documents and information. *See J.S.T. Corp. v. Robert Bosch LLC*, 2019 WL 2324488, at *8 (E.D. Mich. May 30, 2019) ("[C]ourts in this district have sanctioned parties for failing to ensure the preservation of information in the possession, custody, or control of a third party where the party had a special relationship with the third party or unique circumstances demanded preservation.") (citing *Coach, Inc. v. Dequindre Plaza, LLC*, 2013 WL 2152038, at *7-10 (E.D. Mich. May 16, 2013) (citing cases).

**Defendant's Position**. Defendant rejects Plaintiffs' contention that Defendants are required to provide directions to unrelated third parties. Plaintiffs cite cases involving third parties with a close relationship to a party to the litigation amounting to "possession, custody, or control" of evidence. *J.S.T. v. Bosch* concerned an employee of the defendant's subsidiary, whom the defendant itself had identified as a custodian of electronically stored information;

6

and *Coach v. Dequindre Plaza* concerned a company that the plaintiff had hired to seize and hold the counterfeit goods that were the subject of the litigation, and which then destroyed the counterfeit goods at the plaintiff's own direction. No such control relationship exists here. Plaintiffs can pursue third-party discovery pursuant to applicable rules. Aside from this issue raised by Plaintiffs, Defendant does not anticipate other issues.

4. Are there any issues about claims of privilege or of protection as trial preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502?

    Yes. Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties will petition the court to enter a Stipulated Protective Order by **March 29, 2024**.

5. What changes should be made in the limitation on discovery imposed under these rules or by local rule, and what other limitations should be imposed?

    **Plaintiffs' and Defendant's Position**.  No changes should be made.

6. Are there any other orders that the Court should issue under Rule 26(c) or under Rule 16(b) and (c)?

    **Plaintiffs' and Defendant's Position**.  None at this time.

7

## Proposed Dates

| Joint Proposed Schedule | |
|---|---|
| Exchange of Initial Disclosures under Fed. R. Civ. R. 26(a)(1) | March 29, 2024 |
| Deadline to Amend Pleadings | May 17, 2024 |
| Lay Witness List Exchange | November 15, 2024 |
| Exhibit List | November 15, 2024 |
| Expert Witness List/Disclosures/Report - Plaintiffs | December 20, 2024 |
| Expert Witness List/Disclosures/Report - Defendant | January 17, 2025 |
| Rebuttal reports are due | February 7, 2025 |
| Deadline for **completing fact discovery** | November 15, 2024 |
| Deadline for **completing expert discovery** | February 28, 2025 |
| Status Conference (to be held at the midpoint of fact discovery) | July 12, 2024 |
| Facilitation: The parties **must** notify the case manager by **October 18, 2024** (one month before the close of discovery) of their choice of facilitator and scheduled date | 30 days after close of discovery |
| Dispositive Motions and Motions to Limit/Exclude Expert testimony: | 30 days after facilitation deadline |

Has a jury demand been filed in this case?  ☒ YES  ☐ NO

What is the estimated length of the jury trial? The parties estimate that the trial will last 5-7 days.

What is the estimated length of the bench trial? N/A

8

Dated:  March 20, 2024

Respectfully submitted,

**EDWARD BRISCOE, LINDA BALLARD, ANTHONY DEBERRY, GLADYS WAITERS, GREG DONAHUE, and SUSAN VINCENZO**, individually and on behalf of all others similarly situated,

By:  */s/ E. Powell Miller*
One of Plaintiffs' Attorneys

E. Powell Miller (P39487)
epm@millerlawpc.com
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200

Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta
pfraietta@bursor.com
BURSOR & FISHER, P.A.
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Tel: 646-837-7150
Fax: 212-989-9163

Frank S. Hedin
fhedin@hedinllp.com
Arun G. Ravindran
aravindran@hedinllp.com
HEDIN LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305-357-2107
Fax: 305-200-8801

*Counsel for Plaintiffs and the putative class*

Dated:  March 20, 2024						Respectfully submitted,

<u>*/s/ Brendan J. Healey w/consent*</u>
Steven L. Baron
Brendan J. Healey
Baron Harris Healey
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 741-1029
sbaron@bhhlawfirm.com
bhealey@bhhlawfirm.com

<u>*/s/ Andrew M. Harris*</u>
Andrew M. Harris (P62265)
Maddin Hauser Roth & Heller P.C.
28400 Northwestern Highway
Second Floor
Southfield, MI 48034
a.harris@maddinhauser.com

*Attorneys for Defendant NTVB Media, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2024, I electronically filed the foregoing document(s) using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

                                          */s/ E. Powell Miller*
                                          E. Powell Miller (P39487)
                                          **THE MILLER LAW FIRM, P.C.**
                                          950 W. University Dr., Ste. 300
                                          Rochester, MI 48307
                                          Tel: (248) 841-2200
                                          epm@millerlawpc.com